**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TREY HUMES,<br>    *Plaintiff*,<br>v.<br>BEAR DEFENSE SERVICES, LLC,<br>    *Defendant.* | Civil Action No. 15-133 (CKK) |

**MEMORANDUM OPINION**
(December 29, 2015)

      The Court is in receipt of Plaintiff's [10] Supplemental Memorandum and Reconsideration, wherein Plaintiff requests that the Court reconsider its determination that it lacks personal jurisdiction over Defendant. *See* Memorandum Opinion and Order, ECF No. [9]. Having carefully considered Plaintiff's Supplemental Memorandum and Reconsideration, the Court concludes that Plaintiff has provided no basis for the Court to alter or amend the Court's Memorandum Opinion and Order issued in this case on December 15, 2015.

      To prevail on a motion for reconsideration, the movant bears the burden of identifying an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996). However, "[m]otions for reconsideration are disfavored[.]" *Wright v. F.B.I.*, 598 F. Supp. 2d 76, 77 (D.D.C. 2009) (internal quotation marks and citation omitted). "The granting of such a motion is . . . an unusual measure, occurring in extraordinary circumstances." *Kittner v. Gates*, 783 F. Supp. 2d 170, 172 (D.D.C. 2011). Reconsideration is not appropriate where a party is simply attempting to reargue factual or legal assertions contained in their original pleadings. *Nat'l Trust for Historic Pres. v. Dep't of State*, 834 F. Supp. 453, 455 (D.D.C.1993).

      Plaintiff has not established an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *See Firestone,* 76 F.3d at 1208. Nor has Plaintiff established circumstances that warrant an alteration of the Court's determination that it lacks personal jurisdiction over Defendant. *See Kittner*, 783 F. Supp. 2d at 172. Rather, Plaintiff has simply reasserted arguments previously raised and rejected by the Court in its [9] Memorandum Opinion and Order issued on December 15, 2015—which the Court fully incorporates and makes part of this Order. Accordingly, for the reasons stated above and for the reasons stated in the [9] Memorandum Opinion and Order, the Court DENIES Plaintiff's request that the Court alter or amend its determination that it lacks personal jurisdiction over Defendant.

      An appropriate Order accompanies this Memorandum Opinion.

                                                  /s/
                                       COLLEEN KOLLAR-KOTELLY
                                       United States District Judge